Dear Senator Laughlin,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a municipality levy a use tax without an election?
¶ 1 Municipalities are authorized by 68 O.S. 2701 (1999) to assess taxes for general and specific purposes of municipal government in the same manner as the Legislature may levy and collect taxes for purposes of state government. The pertinent provisions of the statute read as follows:
 "A. Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes."
SEE 68 O.S. 2701 (1999).
¶ 2 A municipality has the authority to levy a sales tax; however, such taxes are not valid until approved by a majority of the municipality's registered voters. Section 68 O.S. 2705 of Title 68 provides:
 "Any taxes which may be levied by an incorporated city or town as authorized by this act shall not become valid until the ordinance setting the rate of such tax shall have been approved by a majority vote of the registered voters of such incorporated city or town voting on such question at a general or special municipal election and no ordinance shall be resubmitted for ratification within six (6) months following its defeat by the electors."
Id.
¶ 3 As for use taxes, pursuant to 68 O.S. 1402 (1991), the Legislature levies a use tax at a rate of four and one-half per cent (4.5%) of the purchase price of the taxed property.
¶ 4 Section 68 O.S. 1402 provides in pertinent part:
 "There is hereby levied and there shall be paid by every person storing, using, or otherwise consuming within this state, tangible personal property purchased or brought into this state, an excise tax on the storage, use, or other consumption in this state of such property at the rate of four and one-half per cent (4.5%) of the purchase price of such property."
Id.
¶ 5 While sales and use taxes are complementary to each other they are not identical. The nature of sales and use taxes was discussed in Globe Life Accident Insurance Co. v. Oklahoma TaxCommission, 913 P.2d 1322, 1325 (Okla. 1996):
 "The historical antecedents of Oklahoma's current Sales Tax Code lie in the 1937 Sales Tax Act. There the Legislature levied a tax on "sales" — which were defined to include "the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rental results in either the transfer of the title or the possession." In the same year (1937) a use tax also was imposed with the intent that tangible personal property purchased outside Oklahoma should be subject to taxation if (1) this property was used or consumed here and (2) it would have been subject to a sales tax if it had been purchased in this state. While the Sales Tax and Use Tax Codes are complementary and supplementary to one another, they are neither identical nor coterminous. The Sales Tax Code provides for a sales tax on tangible and intangible personal property and certain services identified in the statute. The Use Tax Code imposes a tax solely on tangible personal property purchased outside Oklahoma and brought into the state. Neither intangible personal property nor services fall within the current scope of the Use Tax Code."
Id. (original footnotes omitted).
¶ 6 A municipality is authorized to levy a use tax pursuant to Section 68 O.S. 1411 of Title 68:
 "The governing body of a municipality levying a municipal sales tax may levy an additional excise tax, at a rate that does not exceed the county or municipal sales tax rate of such county or municipality, whichever is applicable, on the storage, use or other consumption of tangible personal property used, stored or consumed within the county or municipality. This authorization to levy and impose a[1] county or municipal use tax shall be in addition to the tax levied by Section 1402 of this title. Such tax shall be paid by every person storing, using or otherwise consuming, within the county or municipality, tangible personal property purchased or brought into the county or municipality."
Id.
¶ 7 A municipality is therefore specifically authorized, pursuant to the provisions of 68 O.S. 1411 (1991), to levy a use tax at a rate that does not exceed its municipal sales tax rate. You have asked whether the governing body of a municipality must submit its levy of a use tax to a vote of its citizens.
¶ 8 Section 68 O.S. 1411 of Title 68, which allows for the levy of a use tax by a municipality, makes no provision for an approving election. In fact, levy of a municipal use tax is provided for outside the provisions of 68 O.S. 2701-68 O.S.2706 (1991-1999). Therefore, while a sales tax must be approved by the voters pursuant to 68 O.S. 2705 (1991), a use tax may be levied by the governing body of the municipality pursuant to 68O.S. 1411 (1991) if the municipality has adopted a sales tax.
¶ 9 It is a long-standing rule of statutory construction that "where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies." Southwestern Bell Tel. Co. v. Oklahoma County ExciseBd., 618 P.2d 915, 919 (Okla. 1980). In this case the specific statute, 68 O.S. 1411 (1991) allows for the use tax levy without a vote of the citizens. This specific authorization controls over the general requirement in 68 O.S. 2705 (1991), requiring approval by majority vote.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Where a municipality, after a vote of its citizens, has levieda sales tax under 68 O.S. 2705 (1991), the governing body ofthe municipality may, pursuant to 68 O.S. 1411 (1991), levy ause tax, at a rate not exceeding the sales tax rate, without anadded vote of its citizens.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1]See 68 O.S. 1352(15)(a) (1999) for similar language.